UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**ELIZABETH OTT**                                                                                      **PLAINTIFF**


**V.**                                                        **CIVIL ACTION NO.1:06CV252 LTS-RHW**


**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**
**and MARVIN ROBINSON**                                                          **DEFENDANTS**


### ORDER MODIFYING STAY TO ALLOW REMAND RELATED DISCOVERY

There is a motion to remand pending in this case. Before deciding this motion, I will allow the parties to take discovery that will have a bearing on my decision. The stay presently in effect will be modified to allow this discovery to take place.

Plaintiff Elizabeth Ott (Ott) is the named insured under a homeowners insurance policy issued by Defendant Nationwide Mutual Fire Insurance Company (Nationwide). The state court complaint alleges that Defendant Marvin Robinson (Robinson) made certain representations to the plaintiff and took certain actions in connection with the sale of this Nationwide policy which the plaintiff contends are actionable.

In its response to the motion to remand, Defendant Nationwide has filed an affidavit signed by Defendant Robinson indicating that he had no conversations of any kind with the plaintiff in connection with the sale of this policy. Robinson's affidavit indicates that he had no contact with Ott until after Hurricane Katrina.

The allegations of the complaint against Robinson individually cannot be reconciled with Robinson's affidavit. Accordingly, I will permit the parties to take a limited amount of discovery to resolve this factual dispute and to determine whether any of the actions alleged to have taken place were the legal responsibility of Defendant Robinson individually.

I will allow the parties a period of ten days from the date of this order to see whether counsel can agree on the discovery necessary to resolve this issue, i.e. whether there is any basis on which plaintiff may seek to impose individual liability on Robinson for statements made in connection with this Nationwide policy. If counsel can reach an agreement, they shall submit an agreed order outlining the type of discovery they have agreed upon and the timing of that discovery. If counsel cannot agree, each party shall submit a proposed order outlining the discovery it deems necessary to

resolve this issue.  The agreed or separate orders shall be submitted to me within fourteen days of the date of this order.

Following this discovery, the Court will entertain a motion for summary judgment in the event the evidence establishes that Defendant Robinson did not participate in the conversation in question and that he was not the employer or the principal of the person who did take part in this conversation.  Pending the resolution of this issue, I will hold the motion to remand in abeyance.

The stay entered by the United States Magistrate Judge on May 26, 2006, is hereby modified as set out above.

**SO ORDERED** this 1st day of August, 2006.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge